Actually, it's Gary Garland, unfortunately. May it please the court, my name is Roberto Velazquez on behalf of the appellant, David Flores. Your Honor, this case is about an EB-2 immigrant visa petition for an individual with an advanced degree. The appellant, Mr. Flores, has such degree and was working in the United States for the international company Worley Parsons in Houston when his application was filed with the United States Citizenship and Immigration Services. Moving on to the central issue of this appeal is the wrongful contention that denials of national interest waivers are unreviewable. However, there is no adjudication of a waiver. Simply, the question was whether to approve or deny the I-140 application. You would acknowledge that it's discretionary on the part of the Attorney General? No, Your Honor. So, if we look at the case Gannon v. Upchurch, there is a substantial difference in language there. And that case says, from this court, the statute there at issue says, for what the Attorney General considers to be good and sufficient cost. In this case, section 1153 says that for when the Attorney General deems it to be in the national interest. It says the Attorney General may. Isn't that what it says? Or what's the word that's used? It does say the word may, Your Honor. But in another part of the statute, regarding, for example, a physician, it says shall. So, why do you suppose Congress used different words for those two factual situations? Well, Your Honor, I want you to, our position is that the review in general is of the I-140 visit petition. The national interest waiver is just one part of the I-140 petition. So, if we see at the language in section 1153. But wasn't your complaint, the allegation was they were arbitrary and capricious in not giving you the waiver? No, Your Honor. They were arbitrary and capricious to deny the I-140 petition, Your Honor. And as I was saying, the language in section 1153 says that visas shall be made available to qualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional abilities in arts and sciences, arts, science, or business. And again, there is no discretionary language here. Additionally, the adjudicative power to grant the visa petition is pursuant to section 1154B. And that section states that the attorney general shall, if he determines that the facts stated in the petition are true and that the alien on behalf of whom the petition is made is eligible under subsection A or B of section 1153, he shall approve the petition. And that might make sense if they granted the waiver, but then denied the visa. But here they denied the waiver. And that's really what I think your complaint said was arbitrary and capricious. Your Honor. You disagree. Yes. I disagree, Your Honor, respectfully, because when we received, when the appellant received the decision, the decision says that the denial is of the I-140 petition and not of a national interest waiver. There is no separate adjudication of a waiver. There's no separate form. It's just one for the I-140 petition, Your Honor. And to further my point, this is because there are two basic requirements for an employment second preference EB-2 visa per section 1153. And you know, first is that the petitioner offers evidence to show that he is a professional holding an advanced degree or that he possesses exceptional abilities in arts and sciences. And then second is a labor certification requirement. However, the attorney general may waive this labor certification requirement if it is in the national interest. In other words, the national interest waiver is just one way of accomplishing the waiver certification required under section 1153. But it was the only way your client was going to get it. Well, Your Honor, our client chose this way, Your Honor, but there's two ways, the labor certification and the national interest waiver. And that's the beauty of the EB-2 visas, that an employer can petition for the employee or the petitioner can be the employee itself by showing that he has a proposed endeavor and he's well positioned to advance that proposed endeavor, which our client clearly was. If we do see this as a waiver matter, I guess my question is Judge Smith's question a few minutes ago. What would you point to in 1153, the relevant subsection pertaining to national interest waiver that is not textually giving the attorney general discretion? Yes, Your Honor. So it is not discretionary because it says when the attorney general deems it to be in the national interest and when means that he has to make a determination of what is applying the national interest, which is a legal standard, which the attorney generals themselves had. When he does that, pursuant to Danazar, may. May. Correct. But it's not on federal discretion, Your Honor. He has to apply a legal standard that is set in Danazar. Yeah, but Danazar itself, if I remember, you'll know it better than I do, in footnotes said this is a, quote, purely discretionary decision, correct? Yes, Your Honor, but. That's footnote nine. Correct, but this court has said that. But if you're asking us, if you're saying Danazar has the criteria to assess, courts to assess, that is to say it's statutorily reviewable, and you're pointing to Danazar, Danazar itself is saying the opposite. Yes, Your Honor, but the extra statutory authority granting discretionary authority to the attorney general himself is not a proper way. This court has said it in Zao versus Gonzalez, and I quote that the statutory language is pellucid on this court. It does not allude generally to discretionary authority or to discretionary authority exercised under this statute, but specifically to the authority for which is specified under this subchapter, Your Honor, and if the attorney general in Danazar wants to point out that the decision is purely discretionary, it's not valid because it's not specified under this subchapter, Your Honor. And if I may continue, again, there is no adjudicative, the adjudicative power, sorry, to grant the visa petition is pursuant to section 1154B, as I've mentioned before. And Your Honor, when reviewing an I-140 petition, one must determine whether the applicant has an advanced degree, as I've said before, and we could make an assessment of whether it's an advanced degree. We can make an assessment of whether there's exceptional abilities in arts and sciences. One could also evaluate the labor certification and weigh it properly for the I-140 petition. And for the sake of argument, even if we set aside the National Interest Waiver, that is just 10% of the I-140 petition. There is a lot of other evidence that is presented for the I-140 petition, Your Honor, and the decision on the application is ultimately whether the I-140 petition is granted or not. Whether through labor certification or a National Interest Waiver, the approval or denial is ultimately of the form I-140, because again, there's no separate form, like for example, an I-601 waiver, or a waiver for withholding of removal, or waivers for fraud and misrepresentation. Again, the application is for a visa petition, and the National Interest Waiver part is just one part of the overall adjudicative process. Additionally, when reading Section 1252, A2B2, this Court must start with the principle affirmed by the Supreme Court in Cucana v. Holder, there is a presumption favoring judicial review of agency actions, and this presumption has been recently reaffirmed by the Supreme Court's policy of consistently applying the presumption of reviewability to immigration statutes. That is in Guerrero-Los Prias in the 2020 case by the Supreme Court. Moreover, it takes clear and convincing evidence of Congress's actions to dislodge this presumption, and Section 1153 does not contain this clear and convincing language, and if we— So you're saying it is the Third, the Ninth, and the D.C. Circuit, and you're saying they've all deferred too much to Article II? Well, they have focused precisely on whether to grant or deny the National Interest Waiver. They haven't focused precisely on the issue—the real issue is the granting or denial of the I-140 petition, of the visa petition, because there is no separate adjudication of a waiver, and that's where these sister circuits have gotten it wrong, but anyways, that is not the law here, and this Court is not—should not be bound to following what other circuits have done. So moreover, as I was saying, in United States v. Minaj, it is our duty to give effect, if possible, to every clause and word of a statute, and if we are to do that in Section 1252, we must conclude that the statute strips jurisdiction from decisions that are specified to be in the discretion of the Attorney General, and, Your Honor, as to your point as the word may, there's a case, Weyerhaeuser v. United States Fish and Wildlife Services of the United States Supreme Court, and there, the statute conferred discretion using the word may. However, it also guides the Attorney General to consider the economic and other impacts of designation when making his exclusion decisions, and there, the Court concluded that the statute directs the agency to consider all of the relevant factors that the statute sets forth to guide the agency in the exercise of its discretion, and thus, the statute was drawn so that the Court could have no meaningful standard to which the Secretary's—to judge the Secretary's discretion not to—exercise of discretion not to exclude, and I think that is very similar to the case here, because when evaluating the petition, the Attorney General may—has to refer to a binding legal standard in matter of Adanazar, and denying that this binding legal standard is not relevant, it would put in question the authority of the whole AAO apparatus. And although Diapoles argued their brief that the sum of the words in the statute connote discretion, nothing in Section 1153B2A1 precisely defers to the decision to grant an I-140 visa petition to be in the discretion of the Attorney General. The U.S. Supreme Court has defined discretion to mean the power to act according to one's own understanding and conscience, and therefore— I think it's the third time—I'm not saying you haven't answered it, but focus just on B2B1. If we were to focus on the National Interest Waiver, do you agree that language is in the discretion of the Attorney General? I know you're saying there's a distinction and you want to focus on the visa denial, but if we look at that statutory language, is it—does it confer discretion? It is not our position, Your Honor. It is not at least discretion that is not specified under. It lacks specificity. And again, if we go back to Kukana, when the statute is ambiguous and it's not specific, we should defer to the presumption of judicial review of agency actions. I'm not sure what you mean by it's not specific. Well, Your Honor, it only—it does not specifically say there—it's within the sole discretion of the Attorney General, or it's within the discretion of the Attorney General, and there is other statutes in which Congress has used that specific language. For example, Your Honor, if I may, for example, 8 U.S.C. 1229 B2D says that the determination of what evidence is credible and the weight to be given to that evidence shall be within the sole discretion of the Attorney General, and Congress has clearly excluded that language. And if we go back to the decision in Gannon, the language in that statute in Section 1155 is for what the Attorney General deems it to be—deems to be good and sufficient cause. So the proposition is, unless there's that sort of sole discretion phrasing, then the Attorney General's decision is reviewable, even if the language says may. Correct. And going back to the statute in—to the case in Weyenhaeuser, the word may was there, but it directed the Attorney General to act upon other specified standards, and just like here, the Attorney General is directed to act upon abiding legal standards set in Danazar. And Your Honors, in concluding, if discretion meant nothing more than the application of facts to principles or any other of these traditional actions by the Attorney General, it would be very difficult to envision any action of the Attorney General that would not get caught in the jurisdiction stripping statute. And Section 1153 and in Section 1154, there is no specified on their language preventing judicial review of Mr. Flores' I-140 visa petition. Therefore, we respectfully request this Court to reverse enact this case to the trial court for review—for further review of Mr. Flores' I-140 visa petition. All right. Thank you, Mr. Velazquez. You've saved time for rebuttal. Mr. Press? Thank you, Your Honors. Joshua Press from the Department of Justice here on behalf of the defendants. To clarify what the scope of this case is about, it is about the denial of the National Interest Waiver. Judge Higginson, you are precisely correct that that's what the complaint referred to. I'll refer Your Honors to the record at page 16. Paragraph 27 of the complaint specifically says, the decision concluded that, ellipsis, the evidence, ellipsis, does not show that Flores qualifies for a National Interest Waiver. Thus conclusion is arbitrary, capricious, and an abuse of discretion and otherwise not in accordance with the law because it ignored the preponderance of the evidence, end quote. That is what this case is about. The denial at issue in this case is an I-140 petition, and that is referred to in the same page of the record of the complaint as the heading of the petition. That's what I thought. I mean, just hypothetically, though, are you in a different position if they had granted the waiver but denied the visa petition? Well, I think, yes, we would be. I mean, in fact, I have another case, another district that is precisely that, where we're, it was a denial on the merits rather than as to the discretionary judgment of the Secretary of Homeland Security regarding National Interest Waiver. It's not actually uncommon for many of these same visa petitions and I-140 petitions to go through USS and Shipping and Immigration Services or USCIS. I do want to apologize for all of the initialisms and anachronisms, but that's just part of the immigration law. It's not uncommon for those actually to get reviewed with labor certifications attached thereto. You know, a big part of the INA, the Immigration and Nationality Act, is protecting U.S. workers and that this labor certification waiver through the National Interest Waiver provision of wanting to test, having DO, Department of Labor, test the labor market to make sure that U.S. workers will not be adversely affected. So, you know, there's nothing to stop Mr. Flores from going back and filing a petition with an employer doing that sort of test and not having to go through the National Interest Waiver provision. You know, I think we heard a lot, too, in his argument regarding Ganem from this court, that's a 2007 opinion, even though that's not anywhere in their briefs. I think that's actually very helpful if you wanted to compare the statute at issue in that case, which is 8 U.S.C. 1155. The language that was at issue and persuasive to this court, I'm sorry, found to be discretionary was, quote, the Secretary, ellipsis, may at any time for what he deems to be good and sufficient cause revoke the approval of any petition approved by him, end quote. The statute here has may and deems, and it also has in the national interest. Of course, our briefing focused on those three provisions, but I think if what we're talking about in the Ganem case of may and deems was sufficient for this court to find that that language was discretionary to fall under 8 U.S.C. 1232, A2B2's catch-all provision, then ah, for sure I, this case should be decided in the same way. That's why I believe one of the 28 J letters that we submitted discussed it was an application of Ganem regarding a revocation decision by the agency. And it's not uncommon for these two sort of comparison points to be used in the case law. Indeed, the 11th Circuit, I believe last year or two years ago at the latest, in a procuring decision in Brazil, the DHS did do a comparison of the circuit court authority, which I think is 11 to 1 against, only the 9th Circuit is an outlier, on that revocation being discretionary with the exact same language that this court found persuasive to get to it being a discretionary determination by the agency. And we found that, you know, comparatively, this provision in 8 U.S.C. 1153 was discretionary enough. I think what the 9th Circuit decided was clearly discretionary or discretionary enough. If you look at similar statutes like the one that was issued in Webster v. Doe, for example, that's really the core of our statutory argument. I think with respect to whether it's specified, you know, Judge Smith, you were the author in the Zalvi-Gonzalez decision and it was brilliantly written, so we would defer to you in terms of your interpretation for that opinion itself. But if you turn to the language there, I think that's at 404 F. 3rd at 303, you wrote for the court that one might mistakenly read 1252 A. 2 B. 2 as stripping us of the authority to review any discretionary immigration decision. That reading, however, is incorrect because 1252 A. 2 B. 2 strips us only of jurisdiction to review discretionary authority specified in the statute. And that means you look to the language in the statutory provision. If it is discretionary as described in the statute, that is sufficient to fall within 1252 A. 2 B. 2's catch-all provision. That's not just us. That's suggested by the Supreme Court in Kukana. That's also been Judge Alito's opinion for the 3rd Circuit in Sultane. It's discussed in the 3rd Circuit's opinion in Musavi here. We think the case law is very clear, just generally speaking, and well in line with the circuit's decision in Ghanem. It's not your case. It's another hypothetical. What if the agency action hadn't cited Danazar, didn't follow its own binding precedent? Could a court review that? I think that would present a different question because that would be more in line with you did not follow the procedures that you were supposed to under the AAO's decision, right? Because I think the adjudicators... If the denial of the waiver is discretionary, there are exceptions if the agency doesn't follow its own binding precedent. Well, yes. And the reason why I'm saying that is because if you look at, for example, the 11th Circuit's decision in Brazil that I mentioned earlier, they do make a distinction between procedural deficiencies and the substantive determination itself, which is not reviewable. But if, for example, let's say the adjudicator flipped a coin and said, well, that's how I'm going to decide in my discretion. That would obviously be a procedural deficiency. I think the reason why I'm admitting to your hypothetical, conceding to your hypothetical, as it were, is simply because if they're not actually going to look at what is a binding interpretive guidance and they're not going to discuss that, then it would be as if they did miss a big issue, which is an APA violation in itself. And that's the only distinction that I would make there. Unless there are further questions from the Court, we would submit that this is a pretty clear-cut case and ask that the district court's dismissal be affirmed. All right. Thank you, Mr. Press. Mr. Cohn for a vote. Good morning, Your Honor. First of all, with regard to the lawsuit that was filed, the complaint for the APA review, there were several sections under causes of action, one specific. The first one was the decision denying Flores' I-140 is arbitrary, capricious, and abuse of discretion and otherwise not in accordance with the law. And then the second point, second header, under causes of action, the finding that the petitioner has not established that the petitioner is well-positioned to advance the proposed endeavor is arbitrary, capricious, and abuse of discretion. And then later, another one of the causes, as Judge Higginson recognized, talks about the waiver and that that was an abuse of discretion. And so we have basically two points here. Number one is that this is a case under the APA to review an I-140 visa petition. The I-140 visa petition is for business immigration. It's the sister of the I-130 visa petition, which is for family immigration. And so we have sought review of the I-140. If this court remands the case to the district court, the district court doesn't even have to review the issue. The district court could say, I don't have jurisdiction to review the waiver, but I do have jurisdiction to review the I-140 visa petition because there's other issues in the I-140 that have nothing to do with a waiver. So the judge can say, I'm going to decide that, and the judge could then remand it to the agency, finding that there was an abuse of discretion or that their findings were not in accordance with the law and they were arbitrary because they didn't review the evidence that was submitted. And then hopefully for the appellant, the plaintiff, this second look by the agency would cause them to, in fact, approve the case. But the judge in the district court never has to reach the issue of whether or not there's discretion, unfettered discretion, to approve or decline a national interest waiver. So that's our point, that this court, and this kind of follows what the Brazil court said that counsel just mentioned. The Brazil court said that the statute provides discretion to reach a decision on the national interest waiver, and because of that, we don't have jurisdiction, but the Brazil court also said what we're not holding today is whether or not we have jurisdiction to review the I-140. I think the case law is pretty clear that the district courts do have jurisdiction to review both I-140 visa petitions, that's employment-based immigration, and the courts also, both under the APA, have jurisdiction through 1331 Federal Question to review I-130 family-based visa petitions. And I'm not, I don't think there's any citation by the government saying that the courts do not have that ability to review those cases under the APA. And so what we would be asking the court- Those cases, the I-130 cases. Yeah, and there's no cases that say an I-140 can't be reviewed. What they've done, what the government has done is they've reframed the issue. So no waiver application was ever filed. What was filed was an I-140 visa petition, and the complaint that was filed in the district court was seeking APA review of the denied I-140 visa petition. They haven't cited any cases that say you cannot seek APA review of a denied I-140 visa petition. You said at the beginning, because your time's running out, you had two points. That's your first, right? Oh, the two points were that, okay, the second point, Your Honor, yes, thank you. And I understand there's possible disagreement on this, and that would be the interpretation of the statute, the 1153, talks about the national interest waiver, and of course there's a lot of debate, although the circuits that have already addressed the issue have found that the words may and deem in the statute mean discretion. And as Mr. Velasquez noted, throughout the INA, there's often the phrase, in the sole discretion of the Attorney General. That was not used here, but certainly we agree that the other circuits that have looked at it have said that those words mean discretion. But this case is about more than that, and it's about the I-140 visa petition being denied. So thank you, Your Honors, for your consideration of this case. Thank you, Mr. Cohn. Your case is under submission. Mr. Velasquez, you did a nice job. We appreciate your participation. The Court is in recess until 11 o'clock.